ROBERT ASHWORTH *vs.* NEWTON R. FROST.

May 12, 1890.

Action for Services—Evidence.—The evidence in this case examined and considered. *Held* to be sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr,* J., presiding, refusing a new trial after verdict of $659.57 for plaintiff.

*S. C. Biggs,* for appellant.

*Reynolds & Stewart,* for respondent.

COLLINS, J. The only question for consideration here is as to the sufficiency of the testimony to sustain that part of the verdict in plaintiff's favor which was awarded, admittedly, upon his second cause of action as set forth in the complaint. This was for services alleged to have been rendered by the plaintiff in and about the purchase of certain real property for defendant, and at his request. From an examination of the testimony relative to this cause of action, it is evident that the order of the court below refusing a new trial must be affirmed. That defendant bought this property is undisputed, and there is no doubt but that the purchase was made by the plaintiff for him, although the evidence tends to show that the latter was to have an interest therein thereafter, and upon the payment of an agreed sum of money. The plaintiff testified in the most positive manner to a verbal promise made by defendant to compensate him, for the services and in the amount alleged in the complaint; and the liability of the defendant to that amount was recognized in the written

agreement entered into between the parties, wherein. upon certain conditions, defendant contracted to sell and convey to plaintiff an interest in the realty, and to allow him, as part-payment therefor, the sum stated in the complaint, "for services heretofore rendered in purchasing" the same. The plaintiff also testified that when this contract was entered into, defendant orally promised to pay him the amount specified for services, in case he should be unable to purchase as he contemplated, and there is nothing in the written contract which indicates that, in case the plaintiff failed to comply with its conditions, the liability of the defendant to compensate him for his services no longer existed. Again, there was testimony tending to support the plaintiff's assertion that he was not in default upon the contract, but that the defendant refused to comply with its terms. Following the well-known rule of this court, in cases where there is testimony reasonably tending to support the verdict, the order appealed from is affirmed.